ELIZABETH T. MACE, as Administratrix of the Estate of FRANCIS J. MACE, Deceased, Respondent, *v.* CHARLES MOSCARELLI, Appellant.

*Negligence — motor vehicles — death of mounted police officer from collision with motor truck.*

*Mace* v. *Moscarelli*, 214 App. Div. 821, affirmed.
(Argued January 19, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 25, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Plaintiff's intestate, a New York city mounted police officer, was, at the time of the accident, riding his horse in a northerly direction along the easterly side of Flatbush avenue, in the borough of Brooklyn, approaching Kings Highway, which intersects Flatbush avenue practically at right angles. At the same time defendant's five-ton Mack truck was proceeding in an easterly direction along Kings Highway, approaching and crossing Flatbush avenue. The truck was about twenty feet long and weighed, with its load, about ten tons. Two trolley cars were standing in Flatbush avenue, alongside each other, their north ends being just southerly of the southerly crosswalk across the avenue at Kings Highway. Defendant's truck had crossed both tracks in Flatbush avenue and was entering upon the highway on the easterly side of the avenue, when the horse ridden by plaintiff's intestate, traveling at a pretty fast pace, struck the side of the truck at a point just at the rear of the driver's cab, or about midway between the front and rear wheels. Horse and rider went down, the officer being precipitated against the side of the truck with considerable force and receiving injuries resulting in death.

*Alfred W. Meldon* and *Joseph F. Crater* for appellant.
*George W. Riley* and *William Dewar, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.   Absent: CARDOZO, J.

---

LIZZIE OTTMAN, as Executrix of JACOB ALLTER, Deceased, Appellant, *v.* HERBERT D. ALLTER, Respondent.

*Executors· and administrators — decedent's estate — absolute 'gift by will of store property, including book accounts, bills receivable and notes — executrix may not maintain action on behalf of estate to recover for goods alleged to have been sold at store and delivered at least three years after testator's death.*

*Ottman* v. *Allter,* 212 App. Div. 80, affirmed.

(Argued January 19, 1926; decided February 24, 1926.)

APPEAL from a judgment, entered March 17, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint; also appeal from a judgment entered March 17, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department which reversed an order of Special Term denying a motion to vacate the judgment in favor of plaintiff and directed a dismissal of the complaint.   Plaintiff, as surviving executrix of the will of Jacob Allter, deceased, brought this action against defendant to recover for groceries and provisions alleged to have been sold and delivered to him by the estate of said deceased, and moneys loaned him by said estate between the years 1907 and 1923.   Testator died in 1904 and by his will gave his entire store property, real and personal, including book accounts, bills receivable and notes, one-half to his brother and the other half to his daughter and son.   The Appellate Division held that the executors of the will of Jacob Allter had no interest in the store property and business after the debts and obligations of Jacob Allter were paid.   The profits from the grocery business did not belong to the estate nor were the debts of that business debts of the estate.